UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MICHAEL DANTAE BARTIE**                               **CASE NO.  6:21-CV-02948**

**VERSUS**                                              **JUDGE JAMES D. CAIN, JR.**

**FEDNAT INSURANCE CO**                                 **MAGISTRATE JUDGE DAVID J. AYO**

REPORT AND RECOMMENDATION

Now before this Court are duplicate motions for leave to amend filed by plaintiff Michael Dantae Bartie ("Plaintiff").  (Rec. Docs. 11, 12).  Plaintiff's motions seek leave to amend his original complaint (Rec. Doc. 1) to add as a defendant the Louisiana Insurance Guaranty Association ("LIGA") based on the receivership status of defendant FedNat Insurance Company ("FedNat").[1]  (Rec. Doc. 10).   The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, this Court recommends Plaintiff's motions be GRANTED and, accordingly, that Plaintiff's suit be DISMISSED without prejudice based on lack of subject matter jurisdiction.

Plaintiff's suit was filed in this court on August 26, 2021, alleging subject matter jurisdiction based on diversity under 28 U.S.C. 1332.  (Rec. Doc. 1 at ¶ 4).  Diversity jurisdiction requires complete diversity among the parties. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).  "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*,

---

[1]    Defendant FedNat was placed into liquidation by order of Florida's Second Judicial Circuit Court dated September 27, 2022.  (Rec. Doc. 10).

542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).

Plaintiff is a citizen of Louisiana, domiciled in Lafayette Parish. (*Id.* at ¶ 1). FedNat admits that it is a foreign insurer licensed to do business in the State of Louisiana. (*Id.* at ¶ 2; Answer by FedNat, Rec. Doc. 8 at ¶ 2). On that basis, diversity jurisdiction was established to this Court's satisfaction.

Pursuant to La. R.S. 22:1056(A), proposed defendant LIGA was established in 1970 as a "private unincorporated legal entity." All insurers "licensed and authorized to transact insurance in [Louisiana]" and that have "written at least one policy of insurance" subject to regulation by Louisiana's insurance law are "member insurers" of LIGA. La. R.S. 22:2055(10)(a). As an unincorporated "artificial entity[,]" for diversity jurisdiction purposes, LIGA is a citizen of each state in which each of its member insurers is a citizen. *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990). As recognized by federal district courts throughout Louisiana with varying results, LIGA's member insurers undoubtedly include Louisiana citizens for diversity purposes, bestowing upon LIGA Louisiana citizenship for jurisdictional purposes. *See Schubiger v. FedNat Ins. Co.*, Civ. Act. No. 22-CV-1853, 2023 WL 2603752 (W.D. La. 3/22/23) (denying LIGA's motion to intervene as of right based on a finding of insufficient interest and suggesting substitution of LIGA for the insolvent insurer based on the view that LIGA is the "statutory successor in interest" to its insolvent member insurers); *Keiffer v. Southern Fidelity Insurance Company*, Civ. Act. No. 22-CV-863, 2023 WL 157631 (E.D. La. 1/11/23) (granting plaintiff's motion to remand based upon plaintiff's amended complaint adding LIGA, a Louisiana citizen for diversity purposes, as a defendant and destroying the court's subject matter jurisdiction); *Derouen v. Anco Insulations,*

*Inc.*, Civ. Act. No. 21-CV-215, 2021 WL 4450238 (M.D. La. 8/27/21) (recommending remand because of the presence of non-diverse defendants in plaintiff's suit, including LIGA) (report and recommendation adopted at 2021 WL 4444721 (M.D. La. 9/28/21)).

Plaintiff's motions to add LIGA is based on FedNat's insolvency, as declared by the Second Judicial Circuit Court for Leon County, Florida in its September 27, 2022 liquidation notice. (Rec. Doc. 10). Pursuant to La. R.S. 22:2058(A), Plaintiff's suit against a now-insolvent insurer is construed as asserting a claim for which LIGA may be statutorily liable, subject to limitations found in La. R.S. 22:2008. LIGA is an independent party not bound by the answer of its insolvent member insurer in any suit. LIGA may, however, assert all defenses to coverage available to its insolvent member insurer. La. R.S. 22:2058(A)(6)(a)(iii); *U.S. for the Use and Benefit of Bernard Lumber Co., Inc. v. Lanier-Gervais Corp.*, 896 F.2d 162, 169 (5th Cir. 1990) (noting LIGA's right to assert all defenses available to an insolvent member insured); Stephanie B. Laborde, James E. Moore, Jr., Heather Landry, *The DEF's of LIGA: An Update to the ABC's of LIGA*, 77 La. L. Rev. 997, 1017-18 (2017). For these reasons, this Court agrees that Plaintiff successfully alleges the advent of a claim against LIGA under the Louisiana Insurance Guaranty Association Law, to which LIGA may respond. Fed. R. Civ. P. 19 and LIGA's enabling law make it clear, however, that LIGA is not an indispensable party and LIGA's obligation as a reinsurer is not dependent upon its inclusion in any underlying suit against its insolvent member insurer. La. R.S. 22:2058(A)(6)(b).

Considering LIGA's Louisiana citizenship, Plaintiff's requested relief will destroy the Court's subject matter jurisdiction over this case. Where, as here, the addition of a non-indispensable party will result in destruction of jurisdiction, courts must consider the factors enumerated in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The relevant factors

include: (1) whether the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factor bearing on the equities of the case. *Id.*

Applying the *Hensgens* factors to the instant case, this Court finds that plaintiff's motions to amend were prompted by the post-filing insolvency of its insurer and were not filed for the purpose of defeating diversity jurisdiction. Next, this Court finds the delay of approximately three months between the date of the filing of the notice of liquidation and Plaintiff's instant motions is not unreasonable, particularly in light of the Florida court's stay of claims. As did the Eastern District of Louisiana in *Soza v. Southern Fid. Ins. Co.*, Civ. Act. No. 22-cv-1400, 2023 WL 2770125 *5 (E.D. La. 4/4/23), this Court also finds denial of Plaintiff's motions would result in prejudice, since Plaintiff has articulated a viable claim against LIGA arising from the same facts upon which his claims against his insurer are based.[2] Finally, denial of Plaintiff's motions may result in undue delay in adjudication of the totality of Plaintiff's claims in this case, since LIGA's obligation is not necessarily identical to the scope of such claims. Efficient adjudication of Plaintiff's claims is advanced by enabling all claims and defenses to be asserted against all relevant defendants in a single suit. For these reasons, the *Hensgens* factors support Plaintiff's request for relief.

---

[2] This Court concurs with the Eastern District Court's observation that claims asserted against an insurer later deemed insolvent may no longer be asserted against that insurer, but notes such claims survive and are properly asserted against the receiver or liquidator pursuant to La. C. Civ. P. 740, which designates the receiver or liquidator as the proper party defendant for insolvent corporations.

## **CONCLUSION**

Considering the foregoing, it is recommended that Plaintiff's motions to amend be GRANTED and, finding such amendment destroys diversity of citizenship as required under 28 U.S.C. § 1332, it is further recommended that Plaintiff's suit be DISMISSED without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**SIGNED** this 8th day of June, 2023, at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**