UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MICHAEL DANTAE BARTIE**          **CASE NO. 6:21-CV-02948**

**VERSUS**                                          **JUDGE JAMES D. CAIN, JR.**

**FEDNAT INSURANCE CO**          **MAGISTRATE JUDGE DAVID J. AYO**

### MEMORANDUM RULING AND ORDER

Before the Court are two "Motion[s] for Leave to File First Supplemental Complaint for Damages" (Docs. 11and12) filed by Plaintiff, Michael Dantae Bartie, and also a Report and Recommendation (Doc. 13) by the Magistrate Judge. For the reasons set forth below, the Court will deny the Motions for Leave to Amend and reject the Magistrate Judge's Report and Recommendation.

### INTRODUCTION

On or about August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana, which allegedly caused damages to Plaintiff's property. On or about October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana, which allegedly caused more damage to Plaintiff's property. During the relevant time period, Plaintiff's property was insured by Fednat Insurance Company ("Fednat").

Plaintiff alleges that Fednat failed to timely, fully, and fairly adjust his claims and that its actions were arbitrary, capricious, and without probable cause in violation of Louisiana Revised Statutes 22:1892 and 22:1973.

## **LAW AND ANALYSIS**

In his Motions for Leave, Plaintiff, through counsel moves to amend his Complaint to name Louisiana Insurance Guaranty Association ("LIGA") as a defendant. The requested "First Supplemental Complaint for Damages"[1] alleges that on September 27, 2022, an order of liquidation regarding Fednat was issued.[2] It further alleges that LIGA, as an admitted carrier within the State of Louisiana, has a statutory obligation to Plaintiff pursuant to Louisiana Statute Annotated § 22:2051, et seq. The motions do not provide any argument or authority to amend the Complaint other than the proposed pleading itself.

The Magistrate Judge issued a report and Recommendation which recommends that the motions for leave to amend be granted, and because LIGA is a Louisiana citizen, the Amended Complaint destroys complete diversity. Consequently, the Magistrate Judge also recommends that the lawsuit be dismissed without prejudice for lack of jurisdiction. This Court respectfully disagrees.

This Court has addressed this issue with respect to a motion to intervene in the exact same context and finds that the result is the same. See *Bimle v. Fednat Insurance Co.*, Civ. Action No. 2:22-2773, Memorandum Order.[3]

Under Federal Rule of Civil Procedure 24(a)(2), the court must permit intervention by anyone who, by timely motion, seeks to intervene in an action and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to

---

[1] Docs. 11-2 and 12-2.
[2] *Id.* ¶ 3.
[3] Doc. 15.

protect its interest, unless existing parties adequately represent that interest." Failure to satisfy any one element of this rule precludes the applicant's right to intervene. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

"A key component of the intervention analysis is whether the intervenor has a sufficient 'interest' in the litigation." *Ouch v. Sharpless*, 237 F.R.D. 163, 165 (E.D. Tex. 2006) (finding that proposed intervenor did not have sufficient interest for purposes of intervention where his sole interest was in plaintiff's eventual damages recovery and not a substantive interest). Determining the nature of the interest required for an intervention of right involves a flexible inquiry "which focuses on the particular facts and circumstances surrounding each application," and intervention of right "must be measured by a practical rather than technical yardstick." *United States v. Perry County Bd. of Ed.*, 567 F.2d 277, 279 (5th Cir. 1978) (quoting *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5th Cir. 1975)).

In cases in which plaintiffs have sought to amend their complaints to state claims against LIGA as an additional defendant, the court has found that such an amendment would destroy diversity. *See, e.g.*, *Prudhomme et al v. Southern Fidelity Insurance Co.*, 2:22-cv-02067, Doc. 8, p. 3 (W.D. La. Feb. 1, 2023) (Memorandum Order on motion to amend complaint) (citing *B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 13115363, at *2 (W.D. La. Dec. 20, 2019), *aff'd*, 25 F.4th 369 (5th Cir. 2022); *Landry v. Circle K Stores, Inc.*, No. CV 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) ("All parties agree that LIGA is a Louisiana citizen and that joining LIGA as a defendant would destroy the Court's diversity jurisdiction.")).

Although leave to amend pleadings should be freely given "when justice so requires," Federal Rule of Civil Procedure 15(a)(2), the decision whether to grant leave is squarely in the discretion of the court. *B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384 (5th Cir. 2022).

Plaintiff references no authority that would allow this court to disregard the litigation stay issued by the state court overseeing the defendant's liquidation proceedings. As such, the Motions for Leave to Amend appear to allow Plaintiff to violate the Florida court's litigation stay order.[4]

The addition of LIGA as a defendant would destroy the court's diversity jurisdiction under 28 U.S.C. § 1332 because both LIGA and Plaintiff are Louisiana citizens. Thus, amendment would be futile. Consequently, the Court will deny the request because it would require the Court to dismiss the action for lack of subject matter jurisdiction. *Landry v. Circle K Stores, Inc.*, No. CV 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) ("All parties agree that LIGA is a Louisiana citizen and that joining LIGA as a defendant would destroy the Court's diversity jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Should Plaintiff wish to proceed against LIGA in this forum, he might consider filing a Motion to Substitute LIGA for Fednat as its statutory successor in interest to the obligations of the insolvent insurer. *See Hale v. America's Ins. Co.*, 21-cv-2902 (W.D. La.

---

[4] Doc. 10-1.

Jan. 25, 2023) (Memorandum Order on motion to substitute). "Subject matter jurisdiction, once it validly exists among the original parties, remains intact after substitution." *Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971) (collecting cases).

## CONCLUSION

For the reasons set forth herein, the Court will reject the Report and Recommendation of the Magistrate Judge and deny the Motions for Leave to Amend. Accordingly,

**IT IS ORDERED** that the Motions for Leave to File First Supplemental Complaint for Damages (Docs. 11 and 12) filed by Plaintiff, Michael Dantae Bartie, are hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 17th day of July, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**